IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

WILLIAM E. JOHNSON                                                                                      PETITIONER
ADC #138998

V.                                               NO. 5:08cv00279 JMM-JWC

LARRY NORRIS, Director,                                                                             RESPONDENT
Arkansas Department of Correction

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and two copies of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## **RECOMMENDED DISPOSITION**

William E. Johnson, an Arkansas Department of Correction inmate, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (doc. 2). Respondent concedes (doc. 5) that Petitioner is in his custody and has exhausted all nonfutile state remedies, *see id.* § 2254(a-c), but asserts that the petition should be denied for other reasons. Petitioner has replied (doc. 8). For the reasons that follow, the petition should be **denied**.

I.

The procedural history is undisputed. In 2004, Petitioner pleaded guilty to arson in the Jefferson County Circuit Court in Case No. CR-2004-455-2-5, and he was placed on five years of probation (doc. 2 at 11, 29). During his period of probation, Petitioner was charged with rape. The state filed a petition to revoke due to the new charge, and a revocation hearing was held on May 14, 2007 (doc. 2, at 18, 29-30). As a result of the hearing, his probation was revoked and he was sentenced on the arson conviction on May

2

17, 2007, to 180 months of imprisonment (doc. 2, at 19, 31). On May 24, 2007, he pleaded *nolo contendere* to the rape charge in Jefferson County Circuit Court in Case No. CR-2006-814-2-5, and judgment was entered on May 29, 2007, sentencing him to 144 months of imprisonment, to be served concurrently with the other sentence (doc. 9-2).

By pleading guilty or *nolo contendere* to the arson and rape charges, Petitioner waived his right to a direct appeal under Arkansas law. Ark. R. App. P.-Crim. 1(a) (2007). Any appeal of the probation revocation should have been initiated by filing a notice of appeal within thirty days. *See id.* 2(a); *see also Sisk v. State*, 101 S.W.3d 248, 250 (Ark. Ct. App. 2003) (notice of appeal is timely if filed within thirty days of entry of judgment following probation revocation hearing).

On October 26, 2007, Petitioner filed a petition for post-conviction relief in the circuit court in Case No. CR 2006-814-2-5 (the rape conviction) pursuant to Ark. R. Crim. P. 37, alleging: (1) ineffective assistance of counsel; (2) evidence obtained pursuant to an unlawful arrest; and (3) denial of due process (doc. 2, at 2-3). His petition was dismissed as untimely on January 30, 2008 (doc. 9-3). *See* Ark. R. Crim. P. 37.2(c) (if conviction obtained on guilty plea, Rule 37 petition must be filed within ninety days of date of entry of judgment). On April 7, 2008, Petitioner filed a notice of appeal of the denial, and the record was forwarded to the Arkansas Supreme Court. On May 12, 2008, the supreme court clerk advised Petitioner that it was declining to lodge the record because Petitioner did not file his notice of appeal within thirty days of the date the order was entered as required by the prevailing rules of procedure (doc. 5-2). *See* Ark. R. App. P.-Crim. 2(a)(4) (notice of appeal must be filed within thirty days of order denying Rule 37 petition).

Petitioner now brings this federal habeas petition, advancing the following claims:

  1. He was denied the effective assistance of counsel in connection with the rape conviction because his attorney made no effort to set up a defense, had almost no contact with Petitioner regarding his court proceedings, and showed no loyalty to Petitioner by making a continuance without his consent or knowledge;

  2. His rape conviction was obtained by use of evidence obtained pursuant to an unlawful arrest because the detective had no probable cause to arrest him on rape charges and the probable cause affidavit did not coincide with the laws of the crime with which he was charged;

  3. He was denied due process and fundamental fairness in connection with the probation revocation because he received no prior written notice of the time and place of his revocation hearing, or of the purpose and conditions for revocation; and

  4. He was denied the effective assistance of counsel in connection with the 2004 arson conviction when his counsel advised him to take a plea even though Petitioner wanted to go to trial because the state's main witness and alleged victim had written an affidavit stating that she lied on her police statement and knew that Petitioner did not commit the charged crime.

Respondent asserts that the petition should be dismissed for two reasons: (1) as barred by the statute of limitations as set forth in 28 U.S.C. § 2244(d); or (2) as procedurally defaulted because Petitioner failed to properly present his claims to the state courts, *see Coleman v. Thompson*, 501 U.S. 722 (1991).

II.

Some of Petitioner's claims challenge his 2004 arson conviction from Jefferson County Circuit Court; others target the May 2007 rape conviction and parole revocation arising from the same circuit court. As Respondent acknowledges, a habeas petitioner is not precluded from challenging more than one conviction in a § 2254 petition so long as they arise from the same state court. *See* Rule 2(e), Rules Governing § 2254 Cases in United States District Courts ("A petitioner who seeks relief from judgments of more than

one state court must file a separate petition covering the judgment or judgments of each court."); Advisory Comm. Notes (this rule permits an attack in a single petition on multiple judgments from the same court).

Respondent first contends that the petition is time-barred under 28 U.S.C. § 2244(d), which generally requires that a habeas petition be filed within one year of the date upon which a state conviction becomes final.  Because he challenges more than one conviction, difficulties arise in calculating the applicable period; furthermore, his assertions that he timely submitted a post-conviction petition which the state court never filed – and his supporting proof – cloud the tolling analysis and cannot be resolved on the current record.  *See* 28 U.S.C. § 2244(d)(2) (limitations period is tolled during pendency of properly filed state post-conviction proceedings).  The statute of limitations defense is not jurisdictional; therefore, the Court will proceed to Respondent's alternative procedural-default argument in the interest of judicial economy.  *See Day v. McDonough*, 547 U.S. 198, 205 (2006); *Trussell v. Bowersox*, 447 F.3d 588, 590 (8th Cir.), *cert. denied*, 549 U.S. 1034 (2006).

### III.

Before seeking federal habeas review, a state prisoner must first fairly present the substance of each claim to each appropriate state court, thereby alerting those courts to the federal nature of his claims and giving them an opportunity to pass upon and correct any constitutional errors made there.  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *see* 28 U.S.C. § 2254(b) & (c) (requiring federal habeas petitioner to pursue all remedies available in the state courts).  Where a state court has declined to address a prisoner's federal

claims due to his failure to follow the applicable state procedural rules in presenting them, the claims are procedurally defaulted, barring federal habeas review. *Moore-El v. Luebbers*, 446 F.3d 890, 896 (8th Cir.), *cert. denied*, 549 U.S. 1059 (2006); *see House v. Bell*, 547 U.S. 518, 522 (2006) ("Out of respect for the finality of state-court judgments, federal habeas courts, as a general rule, are closed to claims that state courts would consider defaulted."). A state prisoner is required to present his claims through "one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). This means that failure to properly appeal the denial of a post-conviction claim to the highest state court constitutes a procedural default. *Osborne v. Purkett*, 411 F.3d 911, 919 (8th Cir. 2005), *cert. denied*, 547 U.S. 1022 (2006).

Although Petitioner filed a Rule 37 post-conviction petition on October 26, 2007, it was properly denied as untimely, having been filed more than ninety days past either of his judgments of conviction. Furthermore, Petitioner failed to appeal the denial of the Rule 37 petition in a timely manner, resulting in a further procedural default. Because he failed to comply with the applicable state procedural rules for presenting his claims to all appropriate state courts, his current claims are procedurally defaulted.

Where a procedural default has occurred, federal habeas review is permitted only if the petitioner can demonstrate (1) cause for the default <u>and</u> actual prejudice as a result of the alleged violation of federal law, or (2) that failure to consider the claims will result in a fundamental miscarriage of justice, that is, that a constitutional violation has resulted in the conviction and continued incarceration of one who is actually innocent. *Coleman*, 501 U.S. at 750; *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Where no cause has been

demonstrated, the prejudice element need not be addressed. *McCleskey v. Zant*, 499 U.S. 467, 502 (1991).

Petitioner asserts that he mailed a Rule 37 petition from the prison on August 17, 2007, which would have been received within ninety days of entry of judgment on May 29, 2007. He submits some documentation supporting his allegation that he mailed – and the state court received – a Rule 37 petition before the one filed on October 26, 2007.[1] However, even if Petitioner submitted a timely, proper petition, it is undisputed that the circuit court denied Rule 37 relief by order dated January 30, 2008, and that he failed to file a notice of appeal from that order in a timely manner. As stated, failure to appeal the denial of a state post-conviction petition constitutes a procedural default. As Petitioner clearly failed to present his post-conviction claims to the highest state court, they are defaulted and federal habeas review is barred unless he can make the requisite showing of cause and prejudice, or actual innocence.

Cause requires a showing of some impediment, external to the defense and not fairly attributable to him, preventing him from complying with a state's procedural rule or from presenting or developing the factual or legal basis of a claim. *Coleman*, 501 U.S. at 753; *Murray*, 477 U.S. at 488-89, 492. Pro se status and unfamiliarity with legal arguments

---

[1] Documentation from the prison showing that he purchased postage on August 17, 2007 (doc. 8, at 8); a sworn statement from a notary public that he notarized two Rule 37 petitions for Petitioner, one on August 10, 2007, and one on October 19, 2007 (doc. 8, at 9); a letter Petitioner wrote to accompany his October 2007 Rule 37 petition, explaining that he had sent an earlier petition within the 90-day time limit (doc. 8, at 11); a letter he wrote to the state circuit judge after the denial of his October 2007 petition as untimely, again explaining what had happened (doc. 8, at 10); an envelope from the state circuit court addressed to Petitioner, bearing a postmark of September 21, 2007 (doc. 8, at 12); a letter that Petitioner alleges he received in that envelope, stating that a document had been received from him without a signature and certificate of service (doc. 8, at 13). Petitioner says that, along with the letter, he received one page from his first Rule 37 petition which he had forgotten to sign, and that he signed and returned it to the clerk.

and procedural matters are not sufficiently external to constitute cause excusing a procedural default. *Smittie v. Lockhart*, 843 F.2d 295, 298 (8th Cir. 1988). Additionally, because there is no constitutional entitlement to counsel in state post-conviction proceedings, the absence or ineffectiveness of counsel in connection with such proceedings cannot constitute cause excusing a procedural default. *Coleman*, 501 U.S. at 752-54, 757; *Interiano v. Dormire*, 471 F.3d 854, 857 (8th Cir. 2006). Petitioner advances no reason for his failure to file a timely notice of appeal. Therefore, he has not demonstrated cause for his failure to present his current claims to all appropriate state post-conviction courts in a timely and procedurally correct manner.

Petitioner does not specifically invoke the "fundamental miscarriage of justice" or "actual innocence" exception to the cause-prejudice requirement. He does, however, assert that he is actually innocent of arson because the alleged victim had signed an affidavit exonerating him, which his attorneys were aware of but still advised him to plead guilty (doc. 2, at 5, 11-12; doc. 8, at 3-4). He also says he told his attorney he was "innocent of rape and should receive a lesser charge" due to the circumstances (doc. 2, at 20, 26-28).[2] The Court has considered these assertions in determining whether Petitioner has overcome his procedural default.

To pass through the actual innocence "gateway" and gain federal habeas review of otherwise procedurally defaulted claims, a petitioner's case must be "truly extraordinary." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). To fit within this demanding exception, a

---

[2] Petitioner told police that the twelve-year-old child initiated sexual contact with him while he was sleeping and under the influence of alcohol and drugs, but that no intercourse occurred and, when he was fully awakened, "he stopped the whole incident" (doc. 2, at 24-25, 50).

habeas petitioner must (1) support his allegations of constitutional error with new reliable evidence not presented at trial and (2) show that "more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt – or, to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt." *House*, 547 U.S. at 538; *Schlup,* 513 U.S. at 324, 329. "Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Schlup*, 513 U.S. at 316; *see Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir.) (exception requires petitioner "to present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted"), *cert. denied*, 549 U.S. 1036 (2006); *Osborne*, 411 F.3d at 920 (evidence not "new" if existed at time of trial and could have been discovered earlier if petitioner or counsel had diligently pursued it); *Nance v. Norris*, 392 F.3d 284, 291 (8th Cir. 2004) (no actual-innocence showing with information that was available at trial, on direct appeal and throughout post-conviction proceedings).

Petitioner refers to no new evidence supporting his claim of innocence, much less anything reliable or sufficient to satisfy the stringent standard cited above.  The actual-innocence exception is inapplicable.

Because Petitioner failed to present his federal habeas claims to the state courts in a proper and timely manner, and because he has failed to meet the cause-prejudice requirement or establish actual innocence, his claims should be dismissed as procedurally barred.

IV.

This 28 U.S.C. § 2254 petition for writ of habeas corpus (doc. 2) should be **denied**, dismissing this case in its entirety with prejudice.

DATED this 29th day of December, 2008.

_____
UNITED STATES MAGISTRATE JUDGE